UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW T. MURRAY,

    Plaintiff Pro Se and Forma Pauperis,

vs.                                            CASE NO. 6:05-CV-1873-Orl-28-JGG

DISNEY WORLDWIDE SERVICES, INC., et al.
And DISNEY'S LOCAL UNION #362,

    Defendants.
_____/

## DISNEY WORLDWIDE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT OF APRIL 25, 2006

Defendant, Disney Worldwide Services, Inc. ("Worldwide Services"),[1] by and through undersigned counsel, answers the Amended Complaint of April 25, 2006 ("Complaint") of Plaintiff Matthew T. Murray ("Murray") as follows:

## PARTIES

1.    Admits the allegation of paragraph 1 that this purports to be an action brought pursuant to the Americans with Disabilities Act of 1990 (the "Act") that was filed on or about April 25, 2006, but denies any implication that it failed to comply with the Act, and is without knowledge or information as to Murray's addresses and phone numbers and therefore denies.

---

[1] Worldwide Services notes that the Amended Complaint as of April 25, 2006 states it is also brought against Walt Disney World Hotel and Recreation Corporation ("HRC") and Walt Disney World Co. ("Worldo"), neither of which has been served with process in this matter. Consequently, the Answer and Affirmative Defenses provided herein is submitted on behalf of Worldwide Services.

2. Without knowledge or information as to the allegations of paragraph 2 and therefore denies, except admits that that Paul J. Murray is not making a claim for damages, that Murray has stated that Paul J. Murray does not represent him as attorney or counsel, and that Murray filed an administrative charge with the EEOC. Further answering, Worldwide Services does not understand what is meant by the allegation that "Disney has previously recognized" that Paul J. Murray serves as power of attorney and therefore denies.

3. Denies the allegations of paragraph 3, but admits that Worldwide Services is the paying agent for HRC and that Worldwide Services provides certain administrative functions to Worldco.

4. Admits the allegations of paragraph 4 that in or about summer 2003 Murray was employed at DISNEY'S BLIZZARD BEACH Water Park by HRC.

5. Admits the allegations of paragraph 5 that a transfer was requested.

6. Denies the allegations of paragraph 6, but admits that Worldwide Services is located at said address.

7. Denies the allegations of paragraph 7 on the grounds that the court docket speaks for itself.

**JURISDICTION**

8. Admits the allegations of paragraph 8 regarding jurisdiction for jurisdictional purposes only and otherwise denies; denies that any state law claims have been brought and denies the characterizations of the Act on the grounds the statute speaks for itself.

9. Without knowledge or information as to the allegations of paragraph 9 and therefore denies.

10. Denies the allegations of paragraph 10.

11. Without knowledge or information as to the allegations of paragraph 11 and therefore denies.

## VENUE

12. Admits the allegations of paragraph 12 regarding venue for venue purposes only and otherwise denies.

## PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDY

13. Denies the allegations of paragraph 13, but admits that Murray submitted a claim to the EEOC.

14. Without knowledge or information as to the allegations of paragraph 14 and therefore denies, except admits right to sue letters were issued, copies of which are attached to the Complaint.

15. Without knowledge or information as to the allegations of paragraph 15 in regard to the Union and therefore denies, and otherwise admits.

16. Denies the allegations of paragraph 16, except admits Paul J. Murray wrote to Robert Iger.

## BACKGROUND

17. Without knowledge or information as to the allegations of paragraph 17 and therefore denies, except admits that in May 2004 Murray transferred to the MAGIC KINGDOM® Park ("Magic Kingdom") and worked under the Custodial Area Manager for the Magic Kingdom, Betty Ettinger.

18. Denies the allegations of paragraph 18.

19. Denies the allegations of paragraph 19, except admits that Murray passed the janitorial test for his position in the Magic Kingdom.

20. Without knowledge or information as to the allegations of paragraph 20 and therefore denies.

21. Denies the allegations of paragraph 21.

22. a. Admits the allegation of paragraph 22a that Murray's mother was permitted to attend training.

b. Admits the allegation of paragraph 22b that Murray was provided with a job coach, and otherwise denies

c. Denies the allegations of paragraph 22c.

d. Denies the allegation of paragraph 22d to the extent Worldwide Services understands said allegations, but admits that Murray was provided with a job coach.

e. Denies the allegations of paragraph 22e.

f. Admits the allegations of paragraph 22f, but denies any implication only "minimal accommodations" are or were provided.

g. Denies the allegations of paragraph 22g.

23. Without knowledge or information as to the allegations of paragraph 23 and therefore denies.

24. Without knowledge or information as to the allegations of paragraph 24 and therefore denies, except denies any implication that Murray's actions resulted from any act of Murray's employer.

25. Denies the allegations of paragraph 25.

26. Denies the allegations of paragraph 26 on the grounds the statute speaks for itself.

27. Denies the allegations of paragraph 27.

28. Denies the allegations of paragraph 28.

29. Without knowledge or information as to the allegations of paragraph 29 regarding the karate instructor and therefore denies; and denies all other allegations.

30. Denies the allegations of paragraph 30.

31. Denies the allegations of paragraph 31.

32. Denies the allegations of paragraph 32, and without knowledge or information as to any episode suffered in July 2004 and therefore denies.

33. Without knowledge or information as to the allegations of paragraph 33 and therefore denies.

34. Denies the allegations of paragraph 34.

35. Denies the allegations of paragraph 35.

## ADDITIONAL BACKGROUND

36. Without knowledge or information as to the first sentence of paragraph 36 and therefore denies. Admits the second sentence that Murray was a minor when working at WALT DISNEY WORLD® Resort. Denies the third sentence of paragraph 36.

37. Without knowledge or information as to the allegations of paragraph 37 as to Murray's treatment by third parties and therefore denies, and denies all other allegations of paragraph 37.

38. Without knowledge or information as to the allegations of paragraph 38 and therefore denies.

39. Without knowledge or information as to the allegations of paragraph 39 and therefore denies.

40. Denies the allegations of paragraph 40.

41. Denies the allegations of paragraph 41.

42. Denies the allegations of paragraph 42.

43. The Complaint does not contain paragraph 43.

44. The Complaint does not contain paragraph 44.

45. Denies the allegations of paragraph 45.

46. Denies the allegations of paragraph 46.

47. Denies the allegations of paragraph 47.

## COUNT I
### (Title I of ADA)

46. Readopts and incorporates herein its responses to paragraphs 1-47 inclusive[2] in response to paragraph 46.

47. Denies the allegations of paragraph 47 on the grounds the statute speaks for itself and denies any implication that said statute was violated.

48. Denies the allegations of paragraph 48.

49. Denies the allegations of paragraph 49.

---

[2] The Complaint contains numerous repetitive paragraph numbers. Those used in the Complaint are used herein.

## COUNT II
### (Retaliation)

43.     Readopts and incorporates herein its responses to paragraphs 1-49 inclusive in response to paragraph 43.

44.     Denies the allegations of paragraph 44 on the grounds the statute speaks for itself, and denies any implication that said statute was violated.

45.     Denies the allegations of paragraph 45.

46.     Denies the allegations of paragraph 46.

47.     Denies the allegations of paragraph 47.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Murray has failed to mitigate his alleged damages in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

Murray is not a covered individual under the ADA as to Worldwide Services because Worldwide Services was not Murray's former employer, and as such, Murray does not have standing to bring an ADA claim against Worldwide Services.

### FOURTH AFFIRMATIVE DEFENSE

Murray's employment constituted a direct threat to others that could not be reduced or eliminated by reasonable accommodation.

**FIFTH AFFIRMATIVE DEFENSE**

Should Murray be found to be a "qualified individual with a disability" under the ADA, Murray's former employer did not violate the ADA since it repeatedly offered to make, and did make, reasonable accommodations requested by Murray for his alleged disability.

**SIXTH AFFIRMATIVE DEFENSE**

Any attempts to further accommodate Murray would have been unreasonable and/or posed an undue hardship.

**SEVENTH AFFIRMATIVE DEFENSE**

Any alleged "damages" which Murray claims were directly and proximately caused by his own actions and/or actions of third parties or forces not associated with Murray's employer, and through no fault of or act of prohibited conduct by Murray's former employer.

**EIGHTH AFFIRMATIVE DEFENSE**

No compensatory damages may be recovered for claims of retaliation under the ADA.

**NINTH AFFIRMATIVE DEFENSE**

Any recovery against Murray's former employer should be set off by whatever wages and benefits Murray has earned and/or received subsequent to his ADA claims of discrimination and retaliation from any other employer.

**TENTH AFFIRMATIVE DEFENSE**

Murray's former employer claims any credit or setoff to which it may be entitled for any and all payments paid or payable to Murray for any damages alleged in the Complaint from any collateral source whatsoever.

### ELEVENTH AFFIRMATIVE DEFENSE

Murray has waived or is estopped from bringing this action.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Murray's allegations in this action exceed the scope of the allegations contained in any administrative charge of discrimination filed with the EEOC, Murray has failed to satisfy the statutory prerequisites under applicable law for bringing a civil action based on such claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that any alleged unlawful acts occurred, more than 300 days prior to the filing of a charge with the EEOC, a civil action based on said acts is barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any adverse employment action taken against Murray was based upon legitimate, business-related reasons and for business necessity unrelated to his disability and/or any alleged acts of discrimination and/or retaliation.

### FIFTEENTH AFFIRMATIVE DEFENSE

Murray was not discriminated against; however, should a finder of fact determine that any actions were based on a discriminatory and/or retaliatory motive, it is asserted that the same actions would have occurred regardless of such motive.

### SIXTEENTH AFFIRMATIVE DEFENSE

Murray is not entitled to any damages, pursuant to 42 USC 1981a(a)(3), because good faith efforts were made in consultation with Murray, to identify and make a reasonable accommodation that would provide Murray with an equally effective opportunity and would not cause an undue hardship on the operation of the business.

### SEVENTEENTH AFFIRMATIVE DEFENSE

There is not and cannot be liable to Murray for the claims and damages alleged because at all times there was in place a valid written mandatory policy duly disseminated to employees prohibiting any form of discrimination and/or retaliation, in any form, which Murray failed to follow.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The exclusivity provisions of Florida Statutes, Chapter 440, bar any claims for damages sought as a result of any alleged workplace and/or work related injury.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Murray attempts to assert a duty of fair representation claim pursuant to the Labor Management Relations Act, such a claim is barred by the six month statute of limitations applicable to same.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent Murray is alleging any state law claim for breach of the collective bargaining agreement, such claims are preempted by federal law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The disposition of the grievance over Murray's termination was final and binding and is not subject to litigation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Murray has no right to compensatory damages or a jury trial on his ADA retaliation claim.

WHEREFORE, Worldwide Services respectfully requests the entry of judgment in its favor and against Murray, together with an award of costs and attorneys' fees pursuant to applicable statutes, and such other and further relief as the Court deems just and proper.

          *Mailing address***:**
SHUTTS & BOWEN LLP
Attorneys for Defendant Worldwide Services
300 South Orange Ave., Suite 1000
Orlando, Florida 32801-5403
**P.O. Box 4956**
**Orlando, Florida 32802-4956**
(407) 423-3200 (Telephone)
(407) 425-8316 (Facsimile)

By /S/ Mary Ruth Houston
    Mary Ruth Houston
    Florida Bar No. 834440
    Glennys Ortega Rubin
    Florida Bar No. 0556361

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I e-mailed and mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant:

Matthew T. Murray
1001 Oak Pond Drive
Celebration, Florida 34747
E-mail: Matthew.Murray@Celebration.fl.us

          /S/ Mary Ruth Houston
          Counsel

ORLDOCS 10426413 1